**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JUUL LABS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-21-1004-JD |
| (1) VEARAIMA INC., an Oklahoma corporation, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, VIOLATION OF OKLAHOMA COMMON LAW, AND VIOLATION OF THE OKLAHOMA DECEPTIVE TRADE PRACTICES ACT**

Plaintiff JUUL Labs, Inc. ("JLI"), by and through its undersigned attorneys, files this Complaint against defendant Vearaima Inc., an Oklahoma corporation ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.      JLI is the designer, manufacturer, and distributor of JUUL-branded electronic nicotine delivery systems ("ENDS") and other related products (collectively, the "JUUL Products").

2.      The JUUL Products have become targets for individuals and entities who wish to take a "free ride" on the commercial success of the JUUL brand that JLI has spent considerable effort and resources to build.

3.      Specifically, wrongdoers have counterfeited JUUL Products by illegally manufacturing, selling, and distributing fake, copied, and non-genuine versions of JUUL Products and related packaging.

4.      Through this action, JLI combats the sale and distribution of these unlawful counterfeit products.

## PARTIES

5.      JLI is a corporation organized and existing under the laws of the State of Delaware.

6.      Defendant Vearaima Inc. is a corporation organized and existing under the laws of the State of Oklahoma and having its principal place of business at 10000 SE 29th Street, Oklahoma City, Oklahoma 73130.  Defendant owns and operates the P R Food Mart retail business at that location.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a), and 1338(b) because (i) claims herein arise out of federal trademark laws as codified in 15 U.S.C. §1114 and 15 U.S.C. §1125(a) (*i.e.*, trademark infringement, false designation of origin, and unfair competition); and (ii) the unfair business practices claim herein is brought with and is related to the substantial claims based on trademark laws.  This Court also has supplemental jurisdiction over JLI's claims arising under common law or state law pursuant to 28 U.S.C. §1367(a) because the claims are so related to JLI's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.      This Court has general personal jurisdiction over Defendant due to its residence and business activities in this judicial district.  This Court has specific personal jurisdiction over Defendant due to the nature and quality of its actions toward the state in which this Court is located.  The claims asserted herein arise out of and relate to such actions and this Court's exercise of specific personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

9.      Venue in this judicial district is proper for these claims pursuant to 28 U.S.C. §1391(b).  As described herein, Defendant resides in this judicial district, a

substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Defendant has extensive contacts with this judicial district relating to JLI's claims.  Defendant conducts regular and systematic business transactions in this judicial district, including direct sales to consumers in this judicial district, which violate the intellectual property rights of JLI.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

JUUL Trademarks and Products

10.     JLI is the exclusive owner of federally-registered, registration-pending, and common law trademarks.  For example, JLI owns the following United States Trademark Registrations:

| Depiction of Trademark | Registration No. and Date | (1) First Use (2) In Commerce |
|---|---|---|
| JUUL® | 4,818,664 (09-22-2015) | (1) 06-01-2015 (2) 06-01-2015 |
| JUUL® | 4,898,257 (02-09-2016) | (1) 06-01-2015 (2) 06-01-2015 |
| JUULpods® | 5,918,490 (11-26-2019) | (1) 06-30-2015 (2) 06-30-2015 |

11.     True and correct copies of the Registration Certificates for the above-listed trademarks are attached hereto as Exhibit 1.  Hereinafter, JLI may sometimes utilize the phrase "the JUUL Marks" to refer to, collectively, JLI's federally-registered, registration-pending, and common law trademarks.

12.     JLI designs, manufactures, distributes, markets, and sells JUUL Products, including the JUUL system comprised of: (i) a device containing a rechargeable battery, control circuitry and a receptacle for a cartridge or pod, (ii) a disposable cartridge or pod ("JUULpod") that can be inserted into the device, has a heating chamber and is prefilled with a proprietary nicotine e-liquid formulation, and (iii) a charger for charging the device, and related accessories.

13.     The JUUL Marks appear clearly on JUUL Products, as well as the packaging and marketing materials related to such products.

14.     The JUUL Marks, as well as the goodwill arising from such trademarks, have never been abandoned.

15.     JLI continues to preserve and maintain its rights with respect to the JUUL Marks, including those registered with the United States Patent and Trademark Office.

16.     Due in large part to the substantial commercial success of the JUUL Products, the JUUL brand is well-known to consumers and has garnered extensive coverage by the media.

17.     Through the extensive use of the JUUL Marks, JLI has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand. JLI markets JUUL Products nationwide to current adult smokers, including through its website, and sells its products through its nationwide authorized network.  JLI also markets and sells its products internationally.  JLI has built up and developed significant customer goodwill in its entire product line and the JUUL Products are immediately identified by the JUUL Marks.

Sales of Counterfeit Goods

18.     Beginning on a date that is currently unknown to JLI, Defendant, without the consent of JLI, has offered to sell and sold, and/or facilitated the offer and sale of, goods that were neither made by JLI nor by a manufacturer authorized by JLI, all by using reproductions, counterfeits, copies and/or colorable imitations of JUUL Products and the JUUL Marks ("Counterfeit Goods").

19.     JLI has not authorized any third party, including Defendant, to make or sell ENDS or other types of products in connection with the JUUL Marks.  The Counterfeit Goods sold by Defendant are therefore not manufactured in accordance with JLI's own stringent quality controls but are instead manufactured outside of JLI's knowledge and

control, using unknown substances and materials, in unknown locations and with unknown manufacturing requirements/controls.

20.     The Counterfeit Goods sold by Defendant bear counterfeit and confusingly similar imitations of the JUUL Marks in a manner likely to be confused with genuine JUUL Products.

21.     For example, on November 5, 2019, a representative of JLI made an in-person purchase of a Counterfeit Good for sale at the P R Food Mart retail business owned and operated by Defendant located at 10000 SE 29th Street, Oklahoma City, Oklahoma 73130 (the "P R Food Mart Business").  A true and correct image of the product purchased on November 5, 2019 is attached hereto as Exhibit 2.  JLI subsequently inspected the product purchased on November 5, 2019 and confirmed that the purchased product is in fact a counterfeit product.

Cease-and-Desist Correspondence to Defendant

22.     On December 12, 2019, JLI's counsel mailed a cease-and-desist correspondence to Defendant.  A true and correct copy of this correspondence is attached hereto as Exhibit 3.  This cease-and-desist correspondence provided specific notice of the following, among other items: (i) JLI's confirmation that goods sold by Defendant are in fact counterfeit goods; (ii) JLI's demand that Defendant cease the sale, manufacture, marketing, and importation of Counterfeit Goods and all other unauthorized use of JLI's intellectual property; (iii) JLI's ownership of the JUUL Marks; (iv) the statutory prohibition of the sale of Counterfeit Goods and all other unauthorized use of JLI's intellectual property, and JLI's right to seek monetary judgments against infringers; and (v) Defendant's willful infringement under federal law would be established by any further sales of Counterfeit Goods or any other unauthorized use of JLI's intellectual property.

23.     The December 12, 2019 cease-and-desist correspondence requested that Defendant contact JLI's counsel to discuss pre-litigation resolution of the legal issues

arising from the sale of the Counterfeit Goods and all other unauthorized use of JLI's intellectual property.  Defendant, however, did not contact JLI's counsel.

Continued Sales of Counterfeit Goods

24.     On July 25, 2020, a representative of JLI made an in-person purchase of a Counterfeit Good for sale at the P R Food Mart Business.  A true and correct image of the product purchased on July 25, 2020 is attached hereto as Exhibit 4.  JLI subsequently inspected the product purchased on July 25, 2020 and confirmed that the purchased product is in fact a counterfeit product.

25.     Defendant is not authorized and never has been authorized by JLI to produce, manufacture, distribute, market, offer for sale, and/or sell merchandise bearing the JUUL Marks, or any variations thereof.  JLI has no control over the nature, quality, or pricing of Defendant's products or marketing, or any other aspect of the business conduct of Defendant.

26.     Defendant uses words, symbols, images, designs, and names confusingly similar or identical to the JUUL Marks to confuse consumers and aid in the promotion and sales of the Counterfeit Goods.

27.     Defendant's counterfeit sales outlined above are likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the products are authorized by JLI.  Purchasers and prospective purchasers using or simply viewing Defendant's Counterfeit Goods and who perceive a defect, lack of quality, or any other irregularity are likely to mistakenly attribute the issue to JLI, to the detriment of JLI's business and the JUUL brand.

28.     The likelihood of confusion, mistake, and deception brought about by Defendant's misappropriation of the JUUL Marks is causing irreparable harm to the goodwill symbolized by the JUUL Marks and the reputation for quality that said marks embody.

29.     Defendant's unauthorized use of the JUUL Marks began after JLI legally established the existence and significant value of such trademarks, including after JLI's adoption and use of the JUUL Marks and after JLI obtained the trademark registrations described above.

30.     Defendant's infusion of the Counterfeit Goods into the marketplace reflects adversely on JLI, results in economic loss to JLI including loss of sales of genuine JUUL Products, damages the goodwill of the JUUL brand, and thwarts JLI's honest efforts and considerable expenditures to promote its genuine JUUL Products using the JUUL Marks.

## COUNT I
## Trademark Infringement – Counterfeit Goods (15 U.S.C. §1114)

31.     JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 30 as though set forth fully herein.

32.     The JUUL Marks, as well as the goodwill arising from such trademarks, have never been abandoned.  The JUUL Marks appear clearly on JUUL Products, as well as the packaging and marketing related to such products.  JLI continues to preserve and maintain its rights with respect to the JUUL Marks.

33.     Defendant's actions to sell and distribute the Counterfeit Goods which use spurious designations that are identical to, or substantially indistinguishable from, the JUUL Marks as described herein are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Goods are genuine or authorized JUUL Products.

34.     The foregoing acts of Defendant constitute direct, contributory, and/or vicarious trademark infringement in violation of 15 U.S.C. §1114.

35.     JLI has been damaged as a result of Defendant's infringement of the JUUL Marks.  JLI alleges, on information and belief, that Defendant's sale and distribution of the Counterfeit Goods have resulted in lost sales to JLI, have reduced the business and profits of JLI, and have injured the general reputation of JLI, all to JLI's damage in an

amount not yet ascertainable, but will be determined during this action or considered in relation to a request for statutory damages.

36.     JLI alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action or considered in relation to a request for statutory damages.

37.     On information and belief, Defendant acted intentionally and/or willfully in infringing upon the JUUL Marks through sale and distribution of the Counterfeit Goods, knowing that the JUUL Marks belonged to JLI, that the Counterfeit Goods were in fact infringing, and that Defendant was not authorized to infringe upon the JUUL Marks through sale and distribution of the Counterfeit Goods.

38.     Defendant's spurious designation of its products also constitutes the use by Defendant of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B). Therefore, JLI is entitled to recovery of treble damages and to an award of reasonable attorneys' fees pursuant to 15 U.S.C. §§1117(a) and 1117(b).

39.     Because Defendant's actions also constitute the use by Defendant of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B), JLI reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) or (2).  JLI alleges, on information and belief, that Defendant has knowingly and willfully engaged in the acts complained of with oppression, fraud, malice, and in conscious disregard of the rights of JLI.  JLI is, therefore, entitled to the maximum statutory damages allowable.

40.     The acts of direct, contributory, and/or vicarious trademark infringement committed by Defendant have caused, and will continue to cause, JLI irreparable harm unless they are enjoined by this Court.  On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to

deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or the Counterfeit Goods.

## COUNT II
## False Designation of Origin – Counterfeit Goods (15 U.S.C. §1125(a))

41.     JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 40 as though set forth fully herein.

42.     Defendant's unauthorized use of the JUUL Marks, brand names, and the other distinctive words, symbols, slogans, color schemes, images, and designs through which Defendant presents its Counterfeit Goods to the market constitutes a wrongful and false representation to the consuming public that the Counterfeit Goods sold by Defendant originated from JLI or somehow are authorized by or affiliated with JLI.

43.     Defendant's actions as described herein constitute violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with JLI and/or as to the origin, sponsorship, and/or approval of the Counterfeit Goods by JLI.  These acts amount to false designations of origin.

44.     JLI has been damaged as a result of Defendant's actions described herein. JLI alleges, on information and belief, that Defendant's sale of the Counterfeit Goods has resulted in lost sales to JLI, has reduced the business and profits of JLI, and has greatly injured the general reputation and goodwill of JLI, all to JLI's damage in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

45.     JLI alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

46.     On information and belief, Defendant acted intentionally and/or willfully in using the JUUL Marks on the Counterfeit Goods, knowing that the JUUL Marks belonged to JLI, that the Counterfeit Goods were in fact counterfeit, and that Defendant was not authorized to use the JUUL Marks on the Counterfeit Goods.

47.     Defendant's acts of violating 15 U.S.C. §1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, JLI irreparable harm unless they are enjoined by this Court.  On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or the Counterfeit Goods.

**COUNT III**
**Unfair Competition – Counterfeit Goods (15 U.S.C. §1125(a))**

48.     JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 47 as though set forth fully herein.

49.     An express purpose of the Lanham Act is to protect commercial parties against unfair competition.

50.     Defendant's unauthorized use of the JUUL Marks, brand names, and the other distinctive words, symbols, color schemes, and designs through which JLI presents its products to the market constitutes wrongful and unfair business practices and marketplace bad faith, resulting in inaccurate representations to the consuming public that the Counterfeit Goods sold by Defendant originated from or somehow are authorized by or affiliated with JLI.  Defendant so acted for its own financial benefit in disregard to the harm being caused to JLI.

51.     Defendant's actions as described herein constitute violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with JLI and/or as to

the origin, sponsorship, and/or approval of the Counterfeit Goods by JLI.   These acts amount to false representations to compete unfairly with JLI.

52.     JLI has been damaged as a result of Defendant's actions described herein. JLI alleges, on information and belief, that Defendant's sale of the Counterfeit Goods has resulted in lost sales to JLI, has reduced the business and profits of JLI, and has greatly injured the general reputation and goodwill of JLI, all to JLI's damage in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

53.     JLI alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

54.     On information and belief, Defendant acted intentionally and/or willfully in using the JUUL Marks on the Counterfeit Goods, knowing that the JUUL Marks belonged to JLI, that the Counterfeit Goods were in fact counterfeit, and that Defendant was not authorized to use the JUUL Marks on the Counterfeit Goods.

55.     Defendant's acts of violating 15 U.S.C. §1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, JLI irreparable harm unless they are enjoined by this Court.   On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or the Counterfeit Goods.

## COUNT IV
## Common Law Trademark Infringement

56.     JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 55 as though set forth fully herein.

57.     In violation of the common law of the State of Oklahoma, Defendant's acts described herein constitute trademark infringement, false designations of origin, and false or misleading descriptions likely to cause confusion, mistake, and deceit among members of the consuming public as to the affiliation, connection, or association of Defendant with JLI and as to the origin, sponsorship, or approval by JLI of Defendant's unauthorized products, including the Counterfeit Goods.

58.     JLI has been damaged by Defendant's acts of trademark infringement, false designations of origin, and false or misleading descriptions.

59.     The foregoing acts of trademark infringement committed by Defendant have caused, and will continue to cause, irreparable harm to JLI and to its goodwill and reputation, and will continue to both damage JLI and deceive the public unless enjoined by this Court.  JLI has no adequate remedy at law and the public interest would be served by enjoining Defendant's unlawful activities.

60.     On information and belief, Defendant has derived and received, and will continue to derive and receive, revenues, profits, and financial advantages as a result of the aforesaid acts of trademark infringement to which Defendant is not entitled.

## COUNT V
## Common Law Unfair Competition

61.     JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 60 as though set forth fully herein.

62.     Defendant has, through the conduct described above, engaged in unfair competition in violation of the common law of the State of Oklahoma.

63.     Defendant's unauthorized use of the JUUL Marks, brand names, and the other distinctive words, symbols, color schemes, and designs through which JLI presents its products to the market constitutes wrongful and unfair business practices and marketplace bad faith, resulting in inaccurate representations to the consuming public that the Counterfeit Goods sold by Defendant originated from or somehow are authorized by

{2418476;}                                          -12-

or affiliated with JLI.   Defendant so acted for Defendant's own financial benefit in disregard to the harm being caused to JLI.

64.     JLI has been damaged by Defendant's acts unfair competition.

65.     The foregoing acts of unfair competition committed by Defendant have caused, and will continue to cause, irreparable harm to JLI and to its goodwill and reputation, and will continue to both damage JLI and deceive the public unless enjoined by this Court.   JLI has no adequate remedy at law and the public interest would be served by enjoining Defendant's unlawful activities.

66.     On information and belief, Defendant has derived and received, and will continue to derive and receive, revenues, profits, and financial advantages as a result of the aforesaid acts of unfair competition to which Defendant is not entitled.

### COUNT VI
### Deceptive Acts and Trade Practices (Okla. Stat. Ann. Tit. 78, §§ 51, *et seq*.)

67.     JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 66 as though set forth fully herein.

68.     Defendant's actions described herein constitute deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78, §§ 51, *et seq*.   Defendant's distribution, marketing, promotion, offering for sale, and sale of Counterfeit Goods bearing marks confusingly similar to JUUL Products and the JUUL Marks, as alleged above, are materially misleading and deceptive to the consumers in Oklahoma.   Defendant's actions described herein constitute trademark infringement, false representations and designations of origin, and false or misleading descriptions likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of Defendant with JLI and as the origin, sponsorship, or approval of Defendant's unauthorized products by JLI.

69.     Defendant has engaged in consumer-oriented conduct that has affected the general public interest of Oklahoma and has resulted in injury, and is likely to result in further injury, to consumers in Oklahoma.

70.     By the acts described herein, Defendant has willfully engaged in deceptive practices in the conduct of its business and its furnishing of goods.  On information and belief, Defendant has received revenues, profits, and financial advantages as a result of its unfair or deceptive trade practices or acts to which Defendant is not entitled.

71.     JLI has been damaged by Defendant's deceptive trade practices.

72.     JLI is entitled to recover attorneys' fees because of Defendant's deceptive trade practices.

73.     The foregoing deceptive trade practices committed by Defendant have caused, and will continue to cause, irreparable harm to JLI and to its goodwill and reputation, and will continue to both damage JLI and deceive the public unless enjoined by this Court.  JLI has no adequate remedy at law and the public interest would be served by enjoining Defendant's unlawful activities.

## REQUEST FOR RELIEF

WHEREFORE, JLI hereby respectfully requests the following relief against Defendant Vearaima Inc., an Oklahoma corporation, as follows:

1.     An award of Defendant's profits and JLI's damages for trademark infringement under 15 U.S.C §§ 1114 and 1117, trebled, in an amount to be proven at trial;

2.     An award of Defendant's profits and JLI's damages for false designation of origin under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

3.     An award of Defendant's profits and JLI's damages for unfair competition under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

4.     An award of actual damages caused by Defendant for deceptive trade practices under Okla. Stat. Ann. tit. 78, §§ 51, *et seq.*;

5.    In the alternative to Defendant's profits and JLI's damages for trademark infringement, an award of statutory damages pursuant to 15 U.S.C. §1117(c) of $2,000,000.00 for each of the counterfeited trademarks willfully utilized by Defendant per type of goods sold, offered for sale or distributed;

6.    An injunction by this Court prohibiting Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from: engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein, including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL Products, including fake counterfeit products or unauthorized grey-market products; using without permission any mark or other intellectual property right of JLI; acting to infringe the JUUL Marks; falsely designating the origin of any product to be from JLI; engaging in unfair competition with JLI; or acting in any other manner to derogate JLI's intellectual property rights;

7.    An Order requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay JLI its ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution;

8.    An Order that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to JLI;

9.    Pursuant to 15 U.S.C. §1116, including upon ex parte application, an Order for the seizure of goods and counterfeit marks and the means of making

such marks, and records documenting the manufacture, sale, or receipt of things involved in trademark violations;

10. Pursuant to 15 U.S.C. §1118, an Order requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up to JLI for destruction all products, accessories, labels, signs, prints, packages, wrappers, marketing materials, and other material in their possession, custody, or control bearing any of the JUUL Marks;

11. Treble damages;

12. JLI's reasonable attorneys' fees;

13. All costs of suit;

14. Prejudgment interest and post-judgment interest in the maximum amount allowed under the law; and

15. Such other and further relief as the Court may deem just and equitable.

October 14, 2021

Respectfully submitted,

s/ Todd A. Nelson
Todd A. Nelson, OBA No. 15317
Paul E. Rossler, OBA No. 21796
GABLEGOTWALS
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
tnelson@gablelaw.com
prossler@gablelaw.com

-and-

Randall J. Clement, Esq.
*Pro hac vice admission to be sought*
California State Bar No. 193443
randy@clementandholaw.com
CLEMENT AND HO, APLC
201 W. Whiting Avenue
Fullerton, California  92832
Telephone: (714) 882-5794
Facsimile:  (714) 882-5795

*Counsel for Plaintiff, JUUL Labs, Inc.*